## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    **Case No. 18-cv-36** |
| and | ) |
| | ) |
| SYCAMORE GAS COMPANY, SYCAMORE GAS, | ) |
| INC., and ILLINOIS NATIONAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Involuntary Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY | ) |
| OF PITTSBURGH, PA, COMMERCE & INDUSTRY | ) |
| INSURANCE COMPANY, PREMIER ENERGY | ) |
| SERVICES, LLC, and SUPERIOR UTILITY | ) |
| OPERATIONS, INC., | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, AXIS SURPLUS INSURANCE COMPANY, by and through its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, and for its Complaint for Declaratory Judgment against NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., COMMERCE & INDUSTRY INSURANCE COMPANY, PREMIER ENERGY SERVICES, LLC, and SUPERIOR UTILITY OPERATIONS, INC., states as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1.    Involuntary Plaintiff, ILLINOIS NATIONAL INSURANCE COMPANY ("Illinois National"), is an insurance company that issued a Commercial General Liability Policy to Involuntary Plaintiffs, SYCAMORE GAS COMPANY and SYCAMORE GAS, INC. ("Sycamore Gas Company"). Plaintiff, AXIS SURPLUS INSURANCE COMPANY ("AXIS") issued an Excess Liability Policy to Sycamore Gas Company that applies once the policy issued by Illinois National

exhausts its limits through payment of settlements or judgments on behalf of Sycamore Gas Company.

2.       Sycamore Gas Company, Defendant PREMIER ENERGY SERVICES, LLC ("Premier Energy Services"), and Defendant SUPERIOR UTILITY OPERATIONS, INC. ("Superior Utility Operations"), are all named as defendants in two underlying tort lawsuits pending in Ohio County, Indiana.  The tort lawsuits arise from injuries and damage to property individuals and businesses allegedly sustained as a result of an explosion that occurred on March 4, 2015.

3.       Premier Energy Services and/or Superior Utility Operations made certain promises to Sycamore Gas Company in a contract relating to work performed by Premier Energy Services and/or Superior Utility Operations for Sycamore Gas Company.  One of those promises was a promise to procure insurance coverage for Sycamore Gas Company.

4.       Premier Energy Services and/or Superior Utility Operations obtained a Commercial General Liability Policy from Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A. ("National Union"), and they obtained an Umbrella Liability Policy from Defendant, COMMERCE & INDUSTRY INSURANCE COMPANY ("C&I").  The policies issued by National Union and C&I, in conjunction with the promises made to Sycamore Gas Company by Premier Energy Services and/or Superior Utility Operations, require National Union and C&I to provide insurance coverage to Sycamore Gas Company on a primary and non-contributory basis.

5.       On numerous occasions starting in February 2016, Sycamore Gas Company (or AXIS on behalf of Sycamore Gas Company) tendered the defense and indemnity of the two underlying lawsuits to National Union and C&I.

6.       In a letter dated January 5, 2018, National Union finally agreed to defend Sycamore Gas Company in the lawsuits pending in Ohio County, Indiana.

7.       National Union and C&I have refused to acknowledge their obligations to indemnify Sycamore Gas Company for the lawsuits pending in Ohio County, Indiana.

8.      AXIS seeks a declaration that National Union owes a primary and non-contributory duty to indemnify Sycamore Gas Company up to the limits of the policy of insurance issued by National Union.  AXIS seeks a declaration that, following exhaustion of the policy issued by National Union, C&I provides a primary and non-contributory duty to indemnify Sycamore Gas Company up to the limits of the policy of insurance issued by C&I.

9.      Illinois National, National Union, and C&I are all subsidiaries of the same company (AIG).  Illinois National, as a direct insurer for Sycamore Gas Company, has taken no action to ensure that its sister companies comply with their contractual obligations to Sycamore Gas Company, forcing AXIS to file this lawsuit.

## JURISDICTION, RIPENESS, AND VENUE

10.      AXIS brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure.

11.      There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to their contracts and policies of insurance described herein.

12.      Court-ordered mediation in the tort lawsuits is currently scheduled to take place on March 21, 2018 and March 22, 2018.  To the extent the tort lawsuits do not settle at the scheduled mediation in March 2018, AXIS expects that demands to settle the tort lawsuits will continue to be made to Sycamore Gas Company.

13.      The plaintiffs in the underlying lawsuits are seeking in excess of $14 million in non-economic damages, in addition to an unknown amount of economic damages, for Sycamore Gas Company.  Sycamore Gas Company intends to mediate liability and damages at mediation.  Despite repeated attempts to secure coverage for Sycamore Gas Company to attempt settlement, National Union and C&I refuse to honor their obligations to Sycamore Gas Company.

14.     The tort lawsuits pending in Ohio County, Indiana seek to hold Sycamore Gas Company liable for the operations of Premier Energy Services and/or Superior Utility Operations.

15.     A judicial declaration is appropriate at this time because the insurers responsible for providing primary coverage for Sycamore Gas Company's liability arising from the operations of Premier Energy Services and/or Superior Utility Operations (National Union and C&I)  are refusing to acknowledging their duty to indemnify Sycamore Gas Company for settlements or judgments relating to the tort lawsuits.

16.     AXIS has no adequate remedy at law and, therefore, desires a judicial determination of the rights and obligations of the parties to this lawsuit, specifically the priority of coverage owed to Sycamore Gas Company in connection with the lawsuits pending in Ohio County, Indiana.

17.     Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

18.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## THE PARTIES

19.     Plaintiff, AXIS SURPLUS INSURANCE COMPANY, is an Illinois insurance company with its principal place of business in Georgia.

20.     Involuntary Plaintiffs, SYCAMORE GAS COMPANY and SYCAMORE GAS, INC., are Indiana corporations with their principal places of business in Indiana.  These two entities are named as an Involuntary Plaintiff pursuant to Federal Rule of Civil Procedure 19(a)(2).

21.     Involuntary Plaintiff, ILLINOIS NATIONAL INSURANCE COMPANY, is an Illinois insurance company with its principal place of business in Illinois. *See Cushman & Wakefield, Inc. v. Illinois National Insurance Co.*, No. 14 C 8725, 2015 U.S. Dist. LEXIS 176920, at *7-15 (N.D. Ill. Feb. 3, 2015).  Illinois National is named as an Involuntary Plaintiff pursuant to Federal

Rule of Civil Procedure 19(a)(2).  Illinois National is a subsidiary of American International Group, Inc. ("AIG").

22.     Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., is a Pennsylvania insurance company with its principal place of business in New York.  National Union is a subsidiary of AIG.

23.     Defendant, COMMERCE & INDUSTRY INSURANCE COMPANY, is a New York insurance company with its principal place of business in New York.  C&I is a subsidiary of AIG.

24.     Defendant, PREMIER ENERGY SERVICES, LLC, is an Ohio limited liability company with its principal place of business in Ohio.  Upon information and belief, John Stenger is the sole member of Premier Energy Services.  Upon information and belief, John Stenger is a citizen of Ohio.

25.     Defendant, SUPERIOR UTILITY OPERATIONS, INC., is an Ohio limited liability company with its principal place of business in Ohio.

26.     AXIS, Sycamore Gas, and Illinois National are citizens of Illinois, Georgia, and Indiana.  National Union, C&I, Premier Energy Services, and Superior Utility Operations are citizens of Pennsylvania, New York, and Ohio.  Plaintiffs and Defendants are citizens of different States.

## FACTUAL BACKGROUND

**A.    THE CONTRACT**

27.     Sycamore Gas Company's predecessor, Lawrenceburg Gas Company, and Premier Energy Services LLC entered into a contract that is signed and dated October 1, 2007 ("the Contract").  A copy of the Contract is attached hereto as Exhibit "A."

28.     Pursuant to the Contract, Premier Energy Services agreed to undertake a variety of operational services relating to the natural gas distribution services of Lawrenceburg Gas Company, including but not limited to the following: maintaining in good working condition Lawrenceburg Gas Company's equipment, conducting surveys, inspections, and tests of gas equipment, completing work

orders prepared by Lawrenceburg Gas Company, responding to leak calls, repairing gas system leaks, and reporting gas meter results on a monthly basis.

29.     There are two amendments to the Agreement, both of which are attached to and part of the Agreement.

30.     The first amendment to the Agreement, effective January 1, 2010, was entered into based on the following developments: (1) Lawrenceburg Gas Company legally changed its name to Sycamore Gas Company, and (2) Premier Energy Services LLC reorganized its business lines and desired to assign the Agreement to its affiliate company, Superior Utility Operations, Inc.  The first amendment to the Agreement substituted Sycamore Gas Company in place of Lawrenceburg Gas in the Agreement, granted Premier Energy Services the right to assign the Agreement to Superior Utility Operations, and extended the Agreement through September 30, 2013.

31.     The second amendment to the Agreement, effective August 1, 2013, was executed by Sycamore Gas Company and Superior Utility Operations.  The second amendment extends the term of the Agreement through September 30, 2016.

32.     In the Contract, Premier Energy Services and/or Superior Utility Operations promised to:

> J.     Defend, indemnify, and hold Lawrenceburg Gas [Sycamore Gas Company] harmless from any cost, claim or expense, including reasonable attorney fees, caused by Premier's negligence or by Premier's [or Superior Utility Operations'] violation of this Agreement, or caused by any subcontractor engaged by Premier [or Superior Utility Operations];

33.     In the Contract, Premier Energy Services and/or Superior Utility Operations promised to:

> G.     Maintain with a licensed carrier both general comprehensive liability insurance and vehicle liability insurance, with Lawrenceburg Gas [Sycamore Gas Company] named as an additional insured, and in an amount of at least two million dollars ($2,000,000) per occurrence and at least two million dollars ($2,000,000) in aggregate; [. . .]

**B.     THE *KEENAN* SUIT**

34.     On December 21, 2015, Patricia Keenan, Cody Girvin (a minor), and Pamela Elza ("the *Keenan* Suit Plaintiffs") filed a lawsuit against Brett Stowell, Bretzel's Corner, LLC, and Sycamore Gas Company in the Circuit Court of Ohio County, Indiana under cause number 58c01-1512-CT-0004 ("the *Keenan* Suit").   The most recent pleading in the *Keenan* Suit is a Fourth Amended Complaint filed on February 1, 2017, a copy of which is attached hereto as Exhibit "B."

35.     The Fourth Amended Complaint alleges that the *Keenan* Suit Plaintiffs were tenants in an apartment building located at 101 North Poplar in Rising Sun, Indiana ("the Apartment").  The Apartment is alleged to have been owned, operated, managed, and maintained by Brett Stowell and Bretzel's Corner, LLC (hereinafter, "Owner").

36.     The Fourth Amended Complaint alleges that natural gas was provided to the Apartment by Sycamore Gas Company.

37.     The Fourth Amended Complaint alleges that on March 4, 2015, the *Keenan* Suit Plaintiffs were inside their residence on the second floor of the Apartment when natural gas leaked from the gas line, causing an explosion and fire.  The *Keenan* Suit Plaintiffs allege injuries resulting from the explosion and fire.

38.     The Fourth Amended Complaint alleges that the Owner and Sycamore Gas were negligent in connection with their maintenance and repair of the gas line and equipment located in the Apartment.

39.     The Fourth Amended Complaint alleges that Premier Energy Services and Superior Utility Operations entered into a contract with Sycamore Gas Company to provide work on the gas line, including the construction, inspection, repair, and maintenance of that gas line.

40.     The Fourth Amended Complaint alleges that Premier Energy Services and Superior Utility Operations were negligent in connection with their work on the gas line and related

equipment.  A copy of the contract referenced by the *Keenan* Suit Plaintiffs is attached to the Fourth Amended Complaint.

41.     The Fourth Amended Complaint alleges that "[. . .] the acts of the Defendant, Sycamore Gas Company, were by the Defendant individually and/or through the Defendant's employee and/or employees and/or agent and/or agents whose acts were within the course and scope of their employment for Defendant, Sycamore Gas Company, and within said employee's and/or employees and/or agent and/or agent's authority from Defendant, Sycamore Gas Company."

42.     The Fourth Amended Complaint alleges that Sycamore Gas Company, Premier Energy Services, and Superior Utility Operations were negligent because of their: (1) failure to perform tests on the gas lines and related equipment, (2) failure to properly test the natural gas delivered to the subject apartment building, (3) failure to inspect the gas lines and related equipment to ensure that the equipment was safe for its intended purpose, and (4) failure to maintain each gas line, gas line equipment, meter, risers, and devices in proper working order and free from leaks.

**C.     THE *QIU* SUIT**

43.     On March 3, 2017, Min Qiu ("the *Qiu* Suit Plaintiff") filed a lawsuit against Brett Stowell, Bretzel's Corner, LLC, Sycamore Gas Company, Premier Energy Services, and Superior Utility Operations in the Circuit Court of Ohio County, Indiana under cause number 58c01-1703-CT-0006 ("the *Qiu* Suit").  A copy of the Complaint filed I the *Qiu* Suit is attached hereto at Exhibit "C."

44.     The Complaint in the *Qiu* Suit alleges the *Qiu* Suit Plaintiff lived and operated a restaurant located at 206 Main Street in Rising Sun, Indiana known as Hong Kong Kitchen, adjacent to the Apartment ("the Restaurant").  The *Qiu* Suit alleges that the explosion and fire on March 4, 2015 caused damage to the Restaurant, resulting in the closure of the Restaurant and property damage to the building.

45.     The *Qiu* Suit contains substantially similar allegations of misconduct against Sycamore Gas Company, Premier Energy Services, and Superior Utility Operations as the *Keenan* Suit.

**D.     INSURANCE POLICIES – PREMIER ENERGY SERVICES AND SUPERIOR UTILITY OPERATIONS**

46.     National Union issued a commercial general liability policy to Premier Energy Services as the First Named Insured, bearing policy number GL 589-38-14 and effective from August 20, 2014 to August 20, 2015 ("the National Union Policy").  A copy of the National Union Policy is attached hereto as Exhibit "D."

47.     An endorsement to the National Union Policy adds Superior Utility Operations as a Named Insured.

48.     The National Union Policy defines the term "insured" as used in the policy to mean "any person or organization qualifying as such under Section II  - Who Is An Insured."

49.     An endorsement to the National Union Policy adds the following to Section II (Who Is An Insured) of the National Union Policy:

**Section II – Who is an Insured, 1.,** is amended to add:

f.      Any person or organization to whom you become legally obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into, excluding contracts or agreements for professional services, which requires you to furnish insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of your operations or premises owned by or rented to you.  However, the insurance provided will not exceed the lesser of:

1.      The coverage and/or limits of this policy, or
2.      The coverage and/or limits required by said contract or agreement.

50.     The Insuring Agreement of the National Union Policy provides coverage pursuant to the following language:

a.      We [National Union] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the

    insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. [. . .]

51. An endorsement to the National Union Policy provides as follows:

The following paragraph is added to SECTION II – WHO IS AN INSURED and applies only to persons or organizations we have added to your policy as additional insureds by endorsement to comply with insurance requirements of a written contract relative to: a) the performance of your ongoing operations for the additional insured; or b) "your work" performed for the additional insureds and included in the "products completed operations hazard":

This insurance is primary over any similar insurance available to any person or organization we have added to this policy as an additional insured. However, this insurance is primary over any other similar insurance only if the additional insured is designated as a named insured in the Declarations of the other similar insurance. We will not require contribution of limits from the other similar insurance if the insurance afforded by this endorsement is primary. [* * *]

52. The National Union Policy provides coverage to entities qualifying as "insureds" up to $1 million per occurrence and $2 million in the aggregate.

53. C&I issued a commercial umbrella policy to Premier Energy Services, LLC as the First Named Insured, bearing policy number BE 017524674 and effective from August 20, 2014 to August 20, 2015 ("the C&I Policy"). A copy of the C&I Policy is attached hereto as Exhibit "E."

54. An endorsement to the C&I Policy adds Superior Utility Operations as a Named Insured.

55. The C&I Policy defines the term "Insured" to mean "any person or organization qualifying as such under Section VII. Definitions."

56. Section VII (Definitions) of the C&I Policy, as modified by endorsement, defines the term "Insured" to mean, in relevant part, the following:

M. **Insured** means:

* * *

7. Any person or organization, other than the **Named Insured**, included as an additional insured under **Scheduled Underlying Insurance** however:

a.      coverage will not be broader than is available to such person or organization under such **Scheduled Underlying Insurance**; and

    b.      the coverage granted by this provision does not apply to any liability which results solely from the acts or omissions of such person or organization.

57.    Section VII (Definitions) of the C&I Policy defines the term "Scheduled Underlying Insurance" to mean, in relevant part, the following:

AA.    **Scheduled Underlying Insurance** means:

    1.      the policy or policies of insurance and limits shown in the Schedule of Underlying Insurance forming a part of this policy; [. . .]

58.    The Schedule of Underlying Insurance contained in the C&I Policy identifies the National Union Policy.

59.    An entity included as an Additional Insured under the National Union Policy is an Additional Insured under the C&I Policy.

60.    The C&I Policy contains an endorsement, that provides as follows:

This insurance does not apply to Commercial General Liability.

However, if insurance for Commercial General Liability is provided by a policy listed in **Scheduled Underlying Insurance:**

1.    This exclusion shall not apply; and
2.    Coverage under this policy will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy.  Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

61.    The C&I Policy follows the terms, definitions, conditions, and exclusions of the National Union Policy, unless contradicted by the terms, definitions, conditions, and exclusions of the C&I Policy.

62.    The C&I Policy, following form to the National Union Policy, provides coverage pursuant to the following language:

a.   We [C&I] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  [. . .]

63.   The C&I Policy, following form to the National Union Policy, provides as follows:

The following paragraph is added to SECTION II – WHO IS AN INSURED and applies only to persons or organizations we have added to your policy as additional insureds by endorsement to comply with insurance requirements of a written contract relative to: a) the performance of your ongoing operations for the additional insured; or b) "your work" performed for the additional insureds and included in the "products completed operations hazard":

This insurance is primary over any similar insurance available to any person or organization we have added to this policy as an additional insured.  However, this insurance is primary over any other similar insurance only if the additional insured is designated as a named insured in the Declarations of the other similar insurance.  We will not require contribution of limits from the other similar insurance if the insurance afforded by this endorsement is primary.  [* * *]

64.   The C&I Policy provides coverage to entities qualifying as "insureds" up to $10 million per occurrence and $10 million in the aggregate.

65.   The C&I Policy further provides as follows regarding the duty to defend:

A.   We will have the right and duty to defend any **Suit** against the **Insured** that seeks damages for **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** covered by this policy, even if the **Suit** is groundless, false or fraudulent when:

1.   the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by payment of **Loss** to which this policy applies and the total applicable limits of **Other Insurance** have been exhausted; or

2.   the damages sought because of **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** would not be covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance**, even if the total applicable limits of either the **Scheduled Underlying Insurance** or any applicable **Other Insurance** had not been exhausted by the payment of **Loss**.

**E.     INSURANCE POLICIES – SYCAMORE GAS COMPANY**

66.     Illinois National issued a commercial general liability policy to Sycamore Gas Company as the First Named Insured, bearing policy number GL 589-38-30 and effective from August 30, 2014 to August 30, 2015 ("the Illinois National Policy").  A copy of the Illinois National Policy is attached hereto as Exhibit "F."

67.     The Illinois National Policy provides, in relevant part, as follows:

**(1)**     This insurance is excess over:

<div align="center">* * *</div>

> **(b)**     Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or products and completed operations, for which you have been added as an additional insured.

**(2)**     When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit".  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**(3)**     When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

> **(a)**     The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
> **(b)**     The total of all deductible and self-insured amounts under all that other insurance.  [. . .]

68.     The Illinois National Policy provides coverage to entities qualifying as "insureds" up to $1 million per occurrence and $2 million in the aggregate.

69.     AXIS issued a commercial excess liability policy to Sycamore Gas Company as the First Named Insured, bearing policy number ENU769243/01/2013 and effective from August 30, 2014 to August 30, 2015 ("the AXIS Policy").  A copy of the AXIS Policy is attached hereto as Exhibit "G."

70.     The AXIS Policy provides, in relevant part, as follow:

1.     The coverage provided by this policy is excess insurance and, except as otherwise stated in this policy, follows the terms, conditions, exclusions, and

endorsements of the "first underlying insurance" as shown in Item 8. of the Declarations.   Further, this policy will follow any additional exclusions included in any other "underlying insurance".   Under no circumstances will this coverage be broader than any "underlying insurance".

2.    We will pay those sums in excess of the "underlying insurance" that you become legally obligated to pay as damages because of injury or damage to which this insurance applies, provided that the "underlying insurance" also applies, or would have applied but for the exhaustion of the applicable Limits of Insurance.

71.    The AXIS Policy defines the terms "first underlying insurance" and "underlying insurance" as follows:

1.    "First underlying insurance" means the policy or policies of insurance listed in the Declarations under the Schedule of Underlying Insurance and identified as the "First Underlying Insurance", including any self-insured retentions or deductibles that are a part of such policies.

* * *

6.    "Underlying insurance" means the policy or policies of insurance listed in the Declarations under the Schedule of Underlying Insurance, including any self-insured retentions or deductibles that are a part of such policies.

72.    The Illinois National Policy is identified In the Schedule of Underlying Insurance as the First Underlying Insurance.

73.    The AXIS Policy further provides as follows:

This insurance is excess over, and shall not contribute with any other insurance, whether primary, excess, contingent or on any other basis.   This condition will not apply to insurance specifically written as excess over this policy.

## <u>COUNT I  - DECLARATORY JUDGMENT</u>
## SYCAMORE GAS COMPANY IS AN ADDITIONAL INSURED UNDER THE NATIONAL UNION POLICY

74.    AXIS restates and realleges Paragraphs 1 through 73 above as and for Paragraph 74, as if fully set forth herein.

75.    An entity is an Additional Insured under the National Union Policy where Premier Energy Services and/or Superior Utility Operations become obligated to include that entity as an Additional Insured as a result of any contract or agreement entered into by Premier Energy Services and/or Superior Utility Operations.

76.     In the Contract, Premier Energy Services and/or Superior Utility Operations agreed to maintain general comprehensive liability insurance with Sycamore Gas Company named as an Additional Insured.

77.     The National Union Policy is general comprehensive liability insurance.

78.     Sycamore Gas Company is an Additional Insured under the National Union Policy because Premier Energy Services and/or Superior Utility Operations, through the Contract, became legally obligated to include Sycamore Gas Company as an Additional Insured.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)     Declaring that Sycamore Gas Company is an Additional Insured under the National Union Policy; and

(b)     Granting such other and further relief as it deems just and equitable.

**COUNT II  - DECLARATORY JUDGMENT**
**SYCAMORE GAS COMPANY IS ENTITLED TO ADDITIONAL INSURED COVERAGE**
**UNDER THE NATIONAL UNION POLICY**

79.     AXIS restates and realleges Paragraphs 1 through 78 above as and for Paragraph 79, as if fully set forth herein.

80.     Sycamore Gas Company is entitled to coverage as an Additional Insured under the National Union Policy for liability arising out of the operations of Premier Energy Services and/or Superior Utility Operations.

81.     The *Keenan* Suit and the *Qiu* Suit seek relief from Sycamore Gas Company, Premier Energy Services, and/or Superior Utility Operations for alleged injury and damage to property.

82.     The *Keenan* Suit and the *Qiu* Suit specifically allege the following: "[. . .] the acts of the Defendant, Sycamore Gas Company, were by the Defendant individually and/or through the Defendant's employee and/or employees and/or agent and/or agents whose acts were within the course and scope of their employment for Defendant, Sycamore Gas Company, and within said

employee's and/or employees and/or agent and/or agent's authority from Defendant, Sycamore Gas Company."

83.     The *Keenan* Suit and the *Qiu* Suit allege that Sycamore Gas Company, Premier Energy Services, and Superior Utility Operations were negligent, in part, because of their: (1) failure to perform tests on the gas lines and related equipment, (2) failure to properly test the natural gas delivered to the subject apartment building, (3) failure to inspect the gas lines and related equipment to ensure that the equipment was safe for its intended purpose, and (4) failure to maintain each gas line, gas line equipment, meter, risers, and devices in proper working order and free from leaks.

84.     A copy of the Contract is attached to the pleadings in the *Keenan* Suit and the *Qiu* Suit.  The *Keenan* Suit and the *Qiu* Suit allege that Premier Energy Services and Superior Utility Operations performed work on the subject gas lines and equipment pursuant to the Contract.

85.     According to the allegations of the *Keenan* Suit and the *Qiu* Suit, Sycamore Gas Company's liability for the alleged injuries and damage to property (to the extent liability and damages are established in those lawsuits) arose out of the operations of Premier Energy Services and/or Superior Utility Operations.

86.     Sycamore Gas Company is an Additional Insured entitled to coverage under the National Union Policy because its alleged liability arose out of the operations of Premier Energy Services and/or Superior Utility Operations.

87.     The National Union Policy provides a duty to indemnify Sycamore Gas Company against lawsuits seeking damages because of "bodily injury" or "property damage," as those terms are defined by the National Union Policy.

88.     National Union owes a duty to indemnify Sycamore Gas Company as an Additional Insured under the National Union Policy.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)     Declaring that National Union owes a duty to indemnify to Sycamore Gas Company under the National Union Policy in connection with the *Keenan* Suit and the *Qiu* Suit; and

(b)     Granting such other and further relief as it deems just and equitable.

### COUNT III - DECLARATORY JUDGMENT
**NATIONAL UNION'S DUTY TO INDEMNIFY SYCAMORE GAS COMPANY IS PRIMARY AND EXISTS ON A NON-CONTRIBUTORY BASIS**

89.     AXIS restates and realleges Paragraphs 1 through 88 above as and for Paragraph 89, as if fully set forth herein.

90.     Sycamore Gas Company is an Additional Insured under the National Union Policy.

91.     Sycamore Gas Company is entitled to coverage under the National Union Policy as an Additional Insured for liability arising out of the operations of Premier Energy Services and/or Superior Utility Operations.

92.     For entities added to the National Union Policy as Additional Insureds, the National Union Policy is primary and will not require contribution of limits from other similar insurance.

93.     The Illinois National Policy, on which Sycamore Gas Company is a Named Insured, provides that the Illinois National Policy is excess over primary insurance available to Sycamore Gas Company covering liability for damages arising out of the premises or operations, or products and completed operations, for which Sycamore Gas Company has been added as an Additional Insured.

94.     The AXIS Policy is excess over all other insurance, whether primary, excess, contingent, or on any other basis.

95.     The National Union Policy provides Sycamore Gas Company with a primary and non-contributory duty to indemnify in connection with the *Keenan* Suit and the *Qiu* Suit.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)     Declaring that National Union owes a primary duty to indemnify Sycamore Gas Company under the National Union Policy in connection with the *Keenan* Suit and the *Qiu* Suit.

(b)     Declaring that National Union cannot seek contribution from any other insurer in connection with its duty to indemnify Sycamore Gas Company in the *Keenan* Suit and the *Qiu* Suit.

(c)     Granting such other and further relief as it deems just and equitable.

## COUNT IV  - DECLARATORY JUDGMENT
## NATIONAL UNION OWES A PRIMARY AND NON-CONTRIBUTORY DUTY TO INDEMNIFY SYCAMORE GAS COMPANY UP TO $1 MILLION

96.     AXIS restates and realleges Paragraphs 1 through 95 above as and for Paragraph 96, as if fully set forth herein.

97.     Sycamore Gas Company is an Additional Insured under the National Union Policy.

98.     Sycamore Gas Company is entitled to coverage under the National Union Policy as an Additional Insured for liability arising out of the operations of Premier Energy Services and/or Superior Utility Operations.

99.     For entities added to the National Union Policy as Additional Insureds, the National Union Policy is primary and will not require contribution of limits from other similar insurance.

100.    The Additional Insured coverage provided to Sycamore Gas Company by the National Union Policy is limited by the lesser of: (1) the coverage and/or limits of the National Union Policy, or (2) the coverage and/or limits required by the Contract.

101.    The National Union Policy is subject to limits of $1 million per occurrence and $2 million in the aggregate.

102.    The Contract required Premier Energy Services and/or Superior Utility Operations to procure an indefinite sum of insurance naming Sycamore Gas Company as an insured, but at least $2 million in insurance coverage.

103.    Unless it is determined that the damages sought from Sycamore Gas Company in the *Keenan* Suit and/or the *Qiu* Suit did not arise out of the operations of Premier Energy Services and/or

Superior Utility Operations, National Union owes a duty to indemnify Sycamore Gas Company as an Additional Insured up to $1 million.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)   Declaring that National Union owes a primary duty to indemnify Sycamore Gas Company under the National Union Policy in connection with a settlement or judgment in the *Keenan* Suit and the *Qiu* Suit up to $1 million;

(b)   Declaring that National Union cannot seek contribution from any other insurer in connection with its duty to indemnify Sycamore Gas Company in the *Keenan* Suit and the *Qiu* Suit; and

(c)   Granting such other and further relief as it deems just and equitable.

## COUNT V – DECLARATORY JUDGMENT
## SYCAMORE GAS COMPANY IS AN ADDITIONAL INSURED
## UNDER THE C&I POLICY

104.   AXIS restates and realleges Paragraphs 1 through 103 above as and for Paragraph 104, as if fully set forth herein.

105.   The C&I Policy follows the terms, definitions, conditions, and exclusions of the National Union Policy, unless contradicted by the terms, definitions, conditions, and exclusions of the C&I Policy.

106.   An entity that qualifies as an Additional Insured under the National Union Policy also qualifies as an Additional Insured under the C&I Policy.

107.   Sycamore Gas Company is an Additional Insured under the National Union Policy and, therefore, is an Additional Insured under the C&I Policy.

108.   Alternatively, an entity is an Additional Insured under the C&I Policy where Premier Energy Services and/or Superior Utility Operations become obligated to include that entity as an Additional Insured as a result of any contract or agreement entered into by Premier Energy Services and/or Superior Utility Operations.

109.    In the Contract, Premier Energy Services and/or Superior Utility Operations agreed to maintain general comprehensive liability insurance with Sycamore Gas Company named as an Additional Insured.

110.    The C&I Policy is general comprehensive liability insurance.

111.    Sycamore Gas Company is an Additional Insured under the C&I Policy because Premier Energy Services and/or Superior Utility Operations, through the Contract, became legally obligated to include Sycamore Gas Company as an Additional Insured.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)    Declaring that Sycamore Gas Company is an Additional Insured under the C&I Policy;

(b)    Granting such other and further relief as it deems just and equitable.

## COUNT VI – DECLARATORY JUDGMENT
## SYCAMORE GAS COMPANY IS ENTITLED TO ADDITIONAL INSURED COVERAGE UNDER THE C&I POLICY

112.    AXIS restates and realleges Paragraphs 1 through 111 above as and for Paragraph 112, as if fully set forth herein.

113.    Sycamore Gas Company is an Additional Insured under the C&I Policy.

114.    Sycamore Gas Company is entitled to coverage as an Additional Insured under the C&I Policy for liability arising out of the operations of Premier Energy Services and/or Superior Utility Operations.

115.    The *Keenan* Suit and the *Qiu* Suit seek relief from Sycamore Gas Company, Premier Energy Services, and/or Superior Utility Operations for alleged injury and damage to property.

116.    The *Keenan* Suit and the *Qiu* Suit specifically allege the following: "[. . .] the acts of the Defendant, Sycamore Gas Company, were by the Defendant individually and/or through the Defendant's employee and/or employees and/or agent and/or agents whose acts were within the

course and scope of their employment for Defendant, Sycamore Gas Company, and within said employee's and/or employees and/or agent and/or agent's authority from Defendant, Sycamore Gas Company."

117.    The *Keenan* Suit and the *Qiu* Suit allege that Sycamore Gas Company, Premier Energy Services, and Superior Utility Operations were negligent, in part, because of their: (1) failure to perform tests on the gas lines and related equipment, (2) failure to properly test the natural gas delivered to the subject apartment building, (3) failure to inspect the gas lines and related equipment to ensure that the equipment was safe for its intended purpose, and (4) failure to maintain each gas line, gas line equipment, meter, risers, and devices in proper working order and free from leaks.

118.    A copy of the Contract is attached to the pleadings in the *Keenan* Suit and the *Qiu* Suit.  The *Keenan* Suit and the *Qiu* Suit allege that Premier Energy Services and Superior Utility Operations performed work on the subject gas lines and equipment pursuant to the Contract.

119.    According to the allegations of the *Keenan* Suit and the *Qiu* Suit, Sycamore Gas Company's liability for the alleged injuries and damage to property (to the extent liability and damages are established in those lawsuits) arose out of the operations of Premier Energy Services and/or Superior Utility Operations.

120.    Sycamore Gas Company is an Additional Insured entitled to coverage under the C&I Policy because its alleged liability arose out of the operations of Premier Energy Services and/or Superior Utility Operations.

121.    The C&I Policy provides a duty to indemnify Sycamore Gas Company against lawsuits seeking damages because of "bodily injury" or "property damage," as those terms are defined by the National Union Policy.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)      Declaring that C&I owes a duty to indemnify to Sycamore Gas Company under the C&I Policy in connection with the *Keenan* Suit and the *Qiu* Suit; and

(b)      Granting such other and further relief as it deems just and equitable.

<u>COUNT VII – DECLARATORY JUDGMENT</u>
**C&I OWES A PRIMARY AND NON-CONTRIBUTORY DUTY TO INDEMNIFY
SYCAMORE GAS COMPANY FOLLOWING EXHAUSTION
OF THE NATIONAL UNION POLICY**

122.     AXIS restates and realleges Paragraphs 1 through 121 above as and for Paragraph 122, as if fully set forth herein.

123.     Sycamore Gas Company is an Additional Insured under the C&I Policy.

124.     Sycamore Gas Company is entitled to coverage under the C&I Policy as an Additional Insured for liability arising out of the operations of Premier Energy Services and/or Superior Utility Operations.

125.     The C&I Policy follows the terms, definitions, conditions, and exclusions of the National Union Policy, unless contradicted by the terms, definitions, conditions, and exclusions of the C&I Policy.

126.     For entities added to the C&I Policy as Additional Insureds, the C&I Policy is primary and will not require contribution of limits from other similar insurance.

127.     The Illinois National Policy, on which Sycamore Gas Company is a Named Insured, provides that the Illinois National Policy is excess over primary insurance available to Sycamore Gas Company covering liability for damages arising out of the premises or operations, or products and completed operations, for which Sycamore Gas Company has been added as an Additional Insured.

128.     The AXIS Policy is excess over all other insurance, whether primary, excess, contingent, or on any other basis.

129.     Following exhaustion of the National Union Policy, the C&I Policy provides Sycamore Gas Company with a primary and non-contributory duty to indemnify in connection with the *Keenan* Suit and the *Qiu* Suit.

WHEREFORE, Plaintiff, AXIS SURPLUS INSURANCE COMPANY, requests this Honorable Court to enter judgment:

(a)     Declaring that following exhaustion of the National Union Policy, C&I owes a primary duty to indemnify Sycamore Gas Company under the C&I Policy in connection with a settlement or judgment in the *Keenan* Suit and the *Qiu* Suit;

(b)     Declaring that C&I cannot seek contribution from any other insurer in connection with its duty to indemnify Sycamore Gas Company for the *Keenan* Suit and the *Qiu* Suit; and

(c)     Granting such other and further relief as it deems just and equitable.

## <u>JURY DEMAND</u>

Plaintiff, AXIS SURPLUS INSURANCE COMPANY, demands the right to trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jeremy S. Macklin
Counsel for Plaintiff
*AXIS Surplus Insurance Company*

Jeremy S. Macklin
**TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP**
303 W. Madison St., Suite 1200
Chicago, Illinois 60606
(312) 332-3900 (t)
(312) 332-3908 (f)
jmacklin@traublieberman.com