UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) | |
| SYCAMORE GAS COMPANY, | ) | |
| SYCAMORE GAS, INC., | ) | |
| ILLINOIS NATIONAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:18-cv-00036-TWP-DML |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURG, PA, | ) | |
| COMMERCE & INDUSTRY INSURANCE | ) | |
| COMPANY, PREMIER ENERGY | ) | |
| SERVICES, LLC, and SUPERIOR UTILITY | ) | |
| OPERATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of some of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is

insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the complaint or notice of removal must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982). Additionally, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark*, *LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Plaintiff initiated this lawsuit by filing its Complaint, which alleges that "Defendant, Premier Energy Services, LLC, is an Ohio limited liability company with its principal place of business in Ohio. Upon information and belief, John Stenger is the sole member of Premier Energy Services. Upon information and belief, John Stenger is a citizen of Ohio." ([Filing No. 6 at 5](#).) These allegations made "upon information and belief" are not sufficient to allege the citizenship of Defendant Premier Energy Services, LLC.

Additionally, the Complaint alleges that "Defendant, Superior Utility Operations, Inc., is an Ohio limited liability company with its principal place of business in Ohio." *Id.* If Defendant Superior Utility Operations, Inc. is a corporation, then these allegations are sufficient. However,

if Defendant Superior Utility Operations, Inc. is a limited liability company, then these allegations are not sufficient to allege the citizenship of the defendant LLC.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should sufficiently allege the citizenship of Defendant Premier Energy Services, LLC, and clarify whether Defendant Superior Utility Operations, Inc. is a corporation or a limited liability company. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 3/13/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeremy S. Macklin
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
jmacklin@traublieberman.com